# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

DAVID LAQUAGLIA, : Case No. 3:17-cv-362
                                 :
        Plaintiff, : District Judge Walter H. Rice
                                 : Magistrate Judge Sharon L. Ovington
vs. :
                                 :
COMMISSIONER OF THE SOCIAL :
SECURITY ADMINISTRATION, :
                                 :
        Defendant. :

---

## DECISION AND ENTRY

---

This case is before the Court on the parties' Joint Stipulation for an Award of

Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

(Doc. #13). Specifically, the parties stipulate to an award to Plaintiff of attorney fees

in the amount of $3,300.00 in full satisfaction and settlement of any and all claims

Plaintiff may have under the EAJA in the above case. The award of attorney fees will

satisfy all of Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412 in

this case. Any fees paid belong to Plaintiff, and not his attorney, and can be offset to

satisfy pre-existing debt that the litigant owes the United States under *Astrue v. Ratliff*,

130 S.Ct. 2521, 560 U.S. 586 (2010).

After the court enters this award, if counsel for the parties can verify that

Plaintiff owes no pre-existing debt subject to offset, Defendant agrees to direct that the

award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly

signed by Plaintiff and counsel.

<strong>IT IS THEREFORE ORDERED THAT:</strong>

1.  The Parties' Joint Stipulation for an Award of Attorney's Fees under the Equal Access to Justice Act (Doc. #13) is accepted and the Commissioner shall pay Plaintiff's attorney fees, costs, and expenses in the total amount of $3,300.00;

2.  Counsel for the parties shall verify, **within thirty days of this Decision and Entry,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff and counsel; and

3.  The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:   9·12·18

Walter H. Rice
United States District Judge